IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DENISE WILLIAMS,

        Plaintiff,

    v.

CAROLYN COLVIN, Acting Commissioner,
Social Security Administration,

        Defendant.

No.  3:13-cv-01029-HZ

OPINION & ORDER

Merrill Schneider
Schneider Kerr & Gibney Law Offices
PO Box 14490
Portland, OR 97293

    Attorney for Plaintiff

Adrian L. Brown
U.S. Attorney's Office
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204

1 - OPINION & ORDER

Kathryn Ann Miller
Social Security Administration
Office of the General Counsel
701 5th Avenue, Suite 2900, M/S 901
Seattle, WA 98104

      Attorneys for Defendant

HERNÁNDEZ, District Judge:

      Plaintiff Denise Williams ("plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). Because the Commissioner's decision is supported by substantial evidence, the decision is AFFIRMED.

## BACKGROUND

      Born in March, 1961, plaintiff was 42 years old on the alleged disability onset date. Tr. 55. She earned her GED and has past work experience with the United States Postal Service. Tr. 184-86, 197. She stopped working on May 3, 2003 due to sciatica. Tr. 191.

      Plaintiff filed an application for DIB on October 4, 2004, alleging a disability onset date of May 3, 2003. Tr. 190-91. The Commissioner denied plaintiff's application initially and upon reconsideration, and she requested a hearing before an Administrative Law Judge ("ALJ"). Tr. 60-61. After an administrative hearing, held on October 23, 2007, ALJ Catherine Lazuran issued a partially favorable decision finding plaintiff was not disabled prior to December 31, 2006, but became disabled on that date, and has continued to be disabled through the date of the decision. Tr. 73, 1094-1144. The Appeals Council granted plaintiff's subsequent request for review and on November 20, 2008, vacated the ALJ's decision and remanded the case for further proceedings. Tr. 95-97. On June 24, 2010, plaintiff appeared for a second time before the ALJ.

2 - OPINION & ORDER

Tr. 1145-1223.  The ALJ issued a second decision again finding plaintiff was not disabled prior to December 31, 2006, but became disabled on that date, and has continued to be disabled through the date of the decision.  Tr. 23-44.

On April 26, 2011, plaintiff requested review of the ALJ's decision.  The Appeals Council denied her request, making the ALJ's decision the final Agency decision.  Tr. 1-6; 20 C.F.R. §§ 416.1481, 422.210 (2014).  This appeal followed.

## SEQUENTIAL DISABILITY ANALYSIS

A claimant is disabled if unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated according to a five-step procedure.  See Valentine v. Comm'r, 574 F.3d 685, 689 (9th Cir. 2009) (in social security cases, agency uses five-step procedure to determine disability).  The claimant bears the ultimate burden of proving disability.  Id.

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity."  If so, the claimant is not disabled.  Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b).  In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments."  Yuckert, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c).  If not, the claimant is not disabled.

In step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity."  Yuckert, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d),

3 - OPINION & ORDER

416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. Yuckert, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity (RFC) to perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. In step five, the Commissioner must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets his burden and proves that the claimant is able to perform other work which exists in the national economy, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

The ALJ performed the sequential analysis. At step one, she found that plaintiff had not engaged in substantial gainful activity after her alleged onset date. Tr. 30. At step two, the ALJ found plaintiff had the following severe impairments: degenerative disc disease of the lumbar and cervical spine, with a history of surgery; reflex sympathetic dystrophy in her left non-dominant arm; complex regional pain syndrome or fibromyalgia; reactive airway disease and bronchitis; a history of hepatitis C; drug addiction; depression; post traumatic stress disorder ("PTSD"); and anxiety disorder. Id. At step three, the ALJ found that plaintiff's impairments did not meet or medically equal a listed impairment. Tr. 32.

The ALJ next assessed plaintiff's RFC and determined that prior to December 31, 2006, the date plaintiff became disabled, plaintiff retained the ability to perform less than the full range of light work, with the following limitations: she could stand and walk six hours and sit for six hour in an eight-hour workday; she required a sit or stand option; she could occasionally climb,

stoop, crouch, and crawl; she should avoid repetitive use of the left non-dominant arm; she should avoid hazards; and she could perform simple, repetitive tasks with no more than moderate pressure in deadlines and numerical quotas. Tr. 33. Based on the testimony of a vocational expert ("VE"), the ALJ found that plaintiff could perform occupations such as cleaning and polishing worker and photocopy machine operator prior to December 31, 2006. Tr. 42. The ALJ accordingly found that plaintiff was not disabled prior to December 31, 2006. Tr. 43.

STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.

This court must weigh the evidence that supports and detracts from the ALJ's conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998)). The reviewing court may not substitute its judgment for that of the Commissioner. Id. (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)); see also Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading. Id.; see also Batson, 359 F.3d at 1193. However, this court cannot now rely upon reasoning the ALJ did not assert in affirming the ALJ's findings. Bray, 554 F.3d at 1225-26 (citing SEC v. Chenery Corp.,

332 U.S. 194, 196 (1947)); see also Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) (citing same).

DISCUSSION

Plaintiff argues that the ALJ erred by: (1) improperly rejecting her credibility, and (2) improperly rejecting the opinion of Ross Lipton, M.D., and Steven Jones, M.D. Plaintiff alleges that due to these errors, the ALJ failed to properly assess her disability onset date. Pl.'s Br. 5. For the reasons discussed below, the ALJ's opinion is affirmed.

I. Credibility

Plaintiff contends that the ALJ failed to provide specific, clear, and convincing reasons for rejecting her testimony about the nature and extent of her impairments. In assessing the credibility of a claimant's testimony regarding subjective pain or the intensity of symptoms, the ALJ engages in a two-step analysis. 20 C.F.R. § 404.1529. First, the ALJ determines whether there is objective medical evidence of an underlying impairment that could reasonably be expected to produce some degree of symptoms. *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996). If such evidence exists, and barring affirmative evidence of malingering, the ALJ must give clear and convincing reasons for discrediting the claimant's testimony regarding the severity of the symptoms. *Id.* at 1284; *see also Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). If the record contains affirmative evidence of malingering, the ALJ need only provide specific and legitimate reasons for an adverse credibility finding. *Morgan v. Comm'r*, 169 F.3d 595, 599 (9th Cir. 1999).

The ALJ may consider many factors in weighing a claimant's credibility, including: (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that

appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). Where the ALJ's credibility findings are supported by substantial evidence in the record, the reviewing court "may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). However, a general assertion that plaintiff is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993); *see also Morgan*, 169 F.3d at 599.

Plaintiff testified at the 2007 hearing that she stopped working as a mail carrier in May, 2003 because of back pain. Tr. 1100-01. She also alleged "neck pain, left hand pain, problems using her hands and bending or standing for prolonged times … problems with memory and concentration, understanding and following instructions, and getting along with others." Tr. 33. At the 2010 hearing, plaintiff acknowledged that she began using methamphetamine in December, 2003, after her children were taken away by state authorities. Tr. 1165-66. Plaintiff stated that her children were removed because she allowed a convicted sex offender to live in her garage. Tr. 1177.

Plaintiff testified at the 2010 hearing that she had been unable to work since 2003 due to a "complete mental breakdown." Tr. 1174-75. She testified to a history of trauma and violence beginning at age 4. Tr. 1176-77. In addition to pain all over her body, plaintiff alleged cramping and breathing problems. Tr. 1177-79. Plaintiff also stated that she was severely depressed and severely limited in her daily activities. Tr. 200-01, 205-08, 217-27.

The ALJ considered plaintiff's statements in light of the entire record and concluded that she was not credible as to her reports of symptoms and limitations prior to December 31, 2006.

7 - OPINION & ORDER

Tr. 34-35. First, the ALJ found that plaintiff failed to follow through with and comply with treatment recommendations. Tr. 34. Failure to follow through with treatment recommendations is also a legitimate credibility consideration. *Burch,* 400 F.3d at 681. Here, plaintiff did not follow her doctors' recommendations to walk daily or to quit smoking. *See* Tr. 34. Although mental health treatment was recommended, plaintiff could not recall seeking such treatment. Tr. 35. Further, medical records reveal that plaintiff missed about half of her scheduled mental health appointments in 2005. Tr. 484. Medical expert Sally Clayton also noted plaintiff had "problems with complying with medical treatment." Tr. 1210. On this record, plaintiff's failure to walk or even recall making an effort to seek out free or low-cost treatment is not excusable merely by lack of insurance or lack of funds. *See* Pl.'s R. Br. 6-7. The Court acknowledges, however, that plaintiff's depression and anxiety may have interfered with her ability to follow through with treatment. 20 C.F.R. § 404.1530. Therefore, the Court finds that the evidence that plaintiff failed to follow through with prescribed treatment neither supports nor detracts from the ALJ's credibility finding. *Burch,* 400 F.3d at 681.

Second, the ALJ noted that plaintiff's medical records prior to December 31, 2006 were sparse and contained little evidence of plaintiff's functioning. Tr. 38, 1206. When other reasons are present to question a claimant's veracity, minimal objective findings can further undermine a claimant's credibility. *Burch*, 400 F.3d at 680-81. For example, Dr. Clayton testified at the June 24, 2010 hearing that plaintiff's mental health records were limited. Tr. 1206. The minimal objective findings support the ALJ's credibility finding. *Burch*, 400 F.3d at 680-81.

Third, the medical evidence showed that plaintiff's mental limitations were not as disabling as alleged. Tr. 32, 1205-11. Conflicts between a claimant's testimony and the objective medical evidence in the record can undermine a claimant's credibility. *Morgan*, 169

F.3d at 600. For example, Dr. Clayton opined at the hearing that none of plaintiff's mental conditions were severe enough to meet or equal a Listing. Tr. 1205-11. Dr. Clayton diagnosed PTSD and anxiety disorder, but found that plaintiff's mental disorders cause only mild impairment in activities of daily living, and that she was capable of performing simple, repetitive tasks. Tr. 1208, 1210. Dr. Clayton's medical opinion thus supports the ALJ's credibility finding because it contradicts plaintiff's assertion that she was incapable of working due to a "complete mental breakdown" in 2003. Tr. 1174-75, 1205-11; *Morgan,* 169 F.3d at 600.

Fourth, the ALJ noted that plaintiff exhibited a lack of candor with her treating physician regarding her drug use. The ALJ is entitled to use ordinary techniques of credibility evaluation. *Tommasetti*, 533 F.3d at 1039; *Burch*, 400 F.3d at 680. For example, although plaintiff testified that she used methamphetamine daily from August, 2003 through October, 2004, her treating physician, Steven Jones, M.D., failed to acknowledge or document the impact of plaintiff's drug use on her functioning. *Id.* This suggests that plaintiff was not forthcoming about her use of illegal drugs with her primary treatment provider. Because Dr. Jones was plaintiff's treatment provider for a period of over three years, his failure to learn of plaintiff's drug use is especially problematic. *See* Tr. 338; *see also* Pl.'s Br. 10. Plaintiff notes that in 2010 Dr. Jones eventually learned of her drug use and had an opportunity to consider the possible impact of methamphetamine use on plaintiff's condition. Pl.'s R. Br. 6. This fact, however, does nothing to bolster plaintiff's credibility.

Here, it was reasonable for the ALJ to assign less weight to plaintiff's testimony given the fact that she was not honest or forthcoming about her illegal drug use with her primary treatment physician, Dr. Jones. While plaintiff disagrees with the ALJ's interpretation of the evidence and offers an alternative, *see* Pl.'s Br. 13-14, the Court must reject plaintiff's alternative

9 - OPINION & ORDER

interpretation of the evidence because the ALJ decision was rational. *Sample*, 694 F.2d at 642. In sum, the ALJ provided sufficient clear and convincing reasons sufficient to reject plaintiff's subjective symptom testimony.

II.     Medical Evidence

Plaintiff argues that the ALJ improperly rejected medical opinion evidence in the record. Pl.'s Br. 6. The ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions. *Carmickle,* 533 F.3d at 1164. The Ninth Circuit distinguishes between the opinions of three types of physicians: treating physicians, examining physicians, and non-examining physicians. The opinions of treating physicians are generally accorded greater weight than the opinions of non-treating physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). A treating doctor's opinion that is not contradicted by the opinion of another physician can be rejected only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991).

If a treating doctor's opinion is contradicted by the opinion of another physician, the ALJ must provide "specific, legitimate reasons" for discrediting the treating doctor's opinion. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). In addition, the ALJ generally must accord greater weight to the opinion of an examining physician than that of a non-examining physician. *Lester*, 81 F.3d at 830. As is the case with the opinion of a treating physician, the ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician. *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990). If the opinion of an examining physician is contradicted by another physician's opinion, the ALJ must provide "specific, legitimate reasons" for discrediting the examining physician's opinion. *Lester*, 81 F.3d at 830. Specific, legitimate reasons for rejecting a physician's opinion may include its reliance on

a claimant's discredited subjective complaints, inconsistency with medical records, inconsistency with a claimant's testimony, and inconsistency with a claimant's daily activities. *Tommasetti*, 533 F.3d at 1040. It is error to ignore an examining physician's medical opinion without providing reasons for doing so. An ALJ effectively rejects an opinion when she ignores it. *Smolen*, 80 F.3d at 1286.

    A.    Medical Opinion of Ross Lipton, M.D.

Plaintiff first argues that the ALJ improperly rejected the medical opinion of consultative physician Ross Lipton, M.D. Pl.'s Br. 6. Dr. Lipton reviewed plaintiff's medical records assessed plaintiff's RFC for the period from May 5, 2003 through December 31, 2006, and for the period beginning January 1, 2007 through the hearing date of June 24, 2010. Tr. 1181-95. At the June, 2010 hearing, Dr. Lipton testified that plaintiff could not use her left upper limb at all, and that she was limited to standing for no longer than two hours per day. Tr. 1194-96.

The ALJ gave only "some weight" to Dr. Lipton's assessment of plaintiff's manipulative and lifting limitations for the period from 2003 through December 31, 2006. Tr. 38. First, she noted that Dr. Lipton's opinion was "based primarily upon plaintiff's subjective reporting of symptoms." *Id.* It is reasonable to discount a physician's opinion that is based on a claimant's subjective reporting when the claimant is properly found not credible. *See Bray*, 554 F.3d at 1228 (when the ALJ properly determines that a claimant's description of her limitations is not entirely credible, it is reasonable to discount a physician's opinion based on those less than credible statements). Dr. Lipton's testimony at the hearing was based on his review of plaintiff's medical records, which contain numerous subjective reports of pain and other symptoms. As discussed above, the ALJ's negative credibility finding was based on legally sufficient reasons

11 - OPINION & ORDER

Case 3:13-cv-01029-HZ    Document 16    Filed 06/20/14    Page 12 of 14

and supported by substantial evidence in the record. The ALJ thus provided one legally sufficient reason for rejecting Dr. Lipton's opinion. *Id.*

The ALJ also found that plaintiff's activities of daily living contradicted Dr. Lipton's opinion. Conflict with a claimant's daily activities is a legitimate basis for rejecting a physician's opinion. *Morgan*, 169 F.3d at 601. For example, the ALJ noted that plaintiff used the phone, drove, went to the beach, did laundry and performed other household chores. Tr. 32, 220-27. In September, 2005, plaintiff reported to a health care provider that she was caring for her two grandchildren for periods of 4-5 days at a time. Tr. 706. These activities, however, do not straightforwardly contradict Dr. Lipton's assessment of plaintiff's limitations. The ALJ's reference to plaintiff's daily activities therefore did not constitute a legally sufficient reason to reject Dr. Lipton's testimony. Nevertheless, as discussed above, the ALJ provided one legally sufficient reason for rejecting Dr. Lipton's opinion. *Morgan*, 169 F.3d at 601. The Ninth Circuit has stated that a single erroneous basis for an ALJ's determination is harmless error if other valid reasons supporting that determination remain. *Carmickle*, 533 F.3d at 1162. The Court thus affirms the ALJ's rejection of Dr. Lipton's opinion.

B.   Medical Opinion of Steven Jones, M.D.

Plaintiff argues, finally, that the ALJ improperly rejected the opinion of treating physician Steven Jones, M.D. Pl.'s Br. 9. In June, 2004, Dr. Jones wrote a letter in support of plaintiff's disability retirement from the postal service. Tr. 338, 1072. His June, 2004 opinion stated that plaintiff was unable to perform "the essential duties of her work" due to pain, reflex sympathetic dystrophy ("RSD"), and side effects of medication. *Id.*

The ALJ considered and rejected Dr. Jones' opinion. Tr. 38-40. In so doing, she noted first that portions of Dr. Jones' opinion were brief and conclusory. The ALJ need not accept a

12 - OPINION & ORDER

medical opinion that is brief and conclusory when confronted with conflicting evidence regarding a claimant's condition. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). Here, Dr. Jones' 2004 opinion makes the conclusory statement that plaintiff is disabled, and states she is incapable of "performing the essential duties of her work." Tr. 338, 1072. While Dr. Jones lists the specific symptoms and limitations that interfere with plaintiff's ability to perform "her work," he does not state or explain whether plaintiff is capable of performing other work. *Id.* Dr. Jones simply lists symptoms that prevent plaintiff from working at her former job, but does not describe any specific limitations related to those symptoms or how those limitations would prevent other types of employment. *See* Tr. 338, 1072.

On this record, the ALJ found that it was unclear whether Dr. Jones viewed plaintiff as totally disabled or whether his opinion was that she was merely unable to perform her job as a mail carrier. Tr. 38. In light of the other medical evidence suggesting a higher level of functioning than that assessed by Dr. Jones, the ALJ thus properly rejected Dr. Jones' opinion because it was conclusory as to the issue of disability, and brief in the sense that it lacked explanation as to the scope of plaintiff's disability. *Tonapetyan*, 242 F.3d at 1149.

Second, the ALJ noted that Dr. Jones relied upon plaintiff's subjective reports, which were found to be not credible. *See Tommasetti*, 533 F.3d at 1041 (the ALJ may reject a physician's opinion predicated essential upon a claimant's subjective statements when that claimant's credibility has been properly rejected). Because the ALJ properly found plaintiff not credible, she was entitled to assign less weight to a medical opinion predicated upon plaintiff's unreliable subjective symptom reports. On this record, the ALJ provided clear and convincing reasons to reject Dr. Jones' medical opinion. To the extent that the ALJ erred in providing additional reasons for rejecting plaintiff's testimony, any such error is harmless. *Carmickle*, 533

13 - OPINION & ORDER

F.3d at 1164. The ALJ's evaluation of the medical evidence is therefore affirmed. Because the ALJ provided legally sufficient reasons for her evaluation of the evidence, she properly relied upon the VE testimony and found that plaintiff was not disabled during the relevant period.

## CONCLUSION

Based on the foregoing, the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

Dated this 20 day of June, 2014

*Marco Hernández*
MARCO A. HERNÁNDEZ
United States District Judge